HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACQUELINE G. PATTERSON,

    Plaintiff,

v.

MANTECH TELECOMMUNICATIONS AND INFORMATION SYSTEMS CORP.,

    Defendant.

CASE NO. C12-5067 RBL

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

[Dkt. #s 30 and 36]

    THIS MATTER is before the Court on Plaintiff Patterson's Motion for Partial Summary Judgment (on liability) [Dkt. #30], and on Defendant's Motion for Summary Judgment, seeking dismissal of Plaintiff's claims. The case involves Plaintiff Patterson's employment by Defendant Mantech and her claim that a fellow employee, Manny Castillo, sexually harassed her. She has sued the employer for harassment and retaliation under Title VII and Washington's Law Against Discrimination.

    Plaintiff now seeks summary judgment on her hostile work environment claims, arguing that it is not disputable that Castillo—Plaintiff's supervisor and Mantech's employee—harassed her. She relies in part on an EEOC determination letter, and on the fact that Castillo was

terminated in part for the claims she made.  She also seeks a ruling that Mantech cannot assert an affirmative *Fargher/Ellerth* defense based on the lack of a tangible employment action.

Mantech opposes Plaintiff's Motion for summary judgment and seeks summary dismissal of Plaintiff's claims. [Dkt. #s 32 and 36]  It argues that it is entitled to summary judgment on Plaintiff's harassment and retaliation claims, emphasizing that she was laid off as the result of a Reduction in Force (RIF) she did not formally complain about Mr. Castillo's harassment until November 2010—well after it allegedly occurred, and just a week after the RIF was announced.

It points out that Plaintiff did not contemporaneously complain about many of the incidents she now alleges, that she has a cordial relationship with Castillo and even visited his home to have her brakes fixed after the events of which she now complains.  Like Castillo, Mantech denies that Castillo's conduct amounted to a hostile work environment and it strenuously disputes whether there was tangible employment action connected to her complaints.

Plaintiff argues that Mantech cannot rely on Castillo's testimony because it directly contradicts the deposition testimony of Mantech's Senior Vice President of Human Resources, Mr. Mentus. It cites the oft-repeated rule that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  See *Kennedy v. Allied Mutual Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991) (citing *Foster v. Arcata Associates,* 772 F.2d 1453, 1462 (9th Cir.1985), *cert. denied,* 475 U.S. 1048 (1986)). [Dkt. # 37 at 4].  But the cases cited do not support the conclusion that Mantech is bound by one employee's deposition testimony about what another employee did, when the second employee gives a different version.  Castillo's affidavit does not contradict his own deposition, and the rule does not apply.

1  The Court is left with a plethora of factual questions about what happened, and when.

2  These questions preclude summary judgment on any part of the Plaintiff's claims and the

3  Defendant's affirmative defense.  The parties' Motions for Summary Judgment are DENIED.

4  IT IS SO ORDERED.

5  Dated this 2nd day of April, 2013.

  /s/ Ronald B. Leighton
  RONALD B. LEIGHTON
  UNITED STATES DISTRICT JUDGE